IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Elizabeth H. Herring,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>Andrea Lovegrove,<br><br>　　　　　Defendant. | Case No. 2:25-cv-00658-BHH<br><br>**COMPLAINT**<br>**(Jury Trial Requested)** |

The Plaintiff, above named, complaining of the Defendant herein, would respectfully show unto this Court the following:

## PARTIES AND JURISDICTION

1. Plaintiff Elizabeth H. Herring (hereinafter "Plaintiff") is a citizen and resident of Morgan County, Georgia.

2. Upon information and belief, Defendant Andrea Lovegrove (hereinafter "Defendant") is a citizen and resident of Dorchester County, South Carolina.

3. This Court has diversity jurisdiction over this matter pursuant to 28 USC §1332.

4. Venue is proper in this Division under 28 U.S.C. § 1391(b)(1) because the Defendant resides in Dorchester County, South Carolina, which is in the Charleston Division.

## FACTUAL ALLEGATIONS

5. This action arises out of a skiing collision which occurred on or about December 31, 2023, at the Sugar Mountain Resort in Sugar Mountain, North Carolina.

6. On or about December 31, 2023, at approximately 11:00 a.m., the Plaintiff was skiing with her minor children and minor niece at Sugar Mountain Resort on a beginner-level trail named "Easy Street".

7. At that same time and place, the Defendant was also skiing on Easy Street above and behind the Plaintiff when, suddenly and without warning, the Defendant violently collided with the Plaintiff causing severe injuries and damages as more fully described below

8. As a direct and proximate result of the aforementioned collision, the Plaintiff sustained severe personal injuries which have caused and will in the future cause her to endure great physical pain, suffering, loss of enjoyment of life, mental anguish, emotional distress, physical impairment, and loss of wages and earning capacity, and which have caused and will continue to cause the Plaintiff to incur expenses for medical services.

## **FOR A FIRST CAUSE OF ACTION**
*(Negligence/Negligence per se/Gross Negligence/Recklessness)*

9. Plaintiff incorporates by reference all preceding paragraphs and allegations of this Complaint as though fully set forth herein.

10. At all times relevant hereto, the Plaintiff was readily visible to skiers uphill of and overtaking her, and was exercising reasonable care for her own safety.

11. At all times relevant hereto, the Defendant, as a skier, owed a duty to know the range of her abilities to negotiate any ski slope or trail and to ski within the limits of such ability. Moreover, at all times relevant hereto, the Defendant, as a skier, owed the Plaintiff a duty to maintain control of her speed and course at all times when skiing and to maintain a proper lookout so as to be able to avoid other skiers, such as the Plaintiff.

12. The Defendant was negligent, grossly negligent, reckless, willful and wanton and breached the duties she owed to the Plaintiff in one or more of the following particulars, to wit:

  (a) In failing to know the range of her own skiing ability and/or failing to ski within the range of her skiing ability, in violation of N.C.G.S. §99C-2(b)(1);

  (b) In failing to maintain control of her speed and course at all times while skiing, in violation of N.C.G.S. §99C-2(b)(2);

  (c) In failing to maintain a proper lookout so as to be able to avoid other skiers, such as the Plaintiff, in violation of N.C.G.S. §99C-2(b)(2);

  (d) In overtaking and colliding with the Plaintiff at high speed, from above and uphill;

  (e) In skiing at a rate of speed which was excessive under the circumstances then and there prevailing;

  (f) In failing to yield the right of way to the Plaintiff, who was the downhill skier;

  (g) In failing to take evasive action, by any means, to keep from colliding with the Plaintiff;

  (h) In failing to exercise that degree of care which a reasonable and prudent person would have exercised under the same or similar circumstances; and

  (i) In being otherwise negligent, grossly negligent, reckless, willful, and wanton as will be revealed through discovery.

All of which combined and concurred as a direct and proximate cause of the injuries and damages sustained by the Plaintiff herein, said acts and/or omissions being in violation of the statutory laws of the State of North Carolina enacted to protect the safety and health of skiers, thereby constituting negligence *per se*.

  13. The aforesaid negligent, grossly negligent, willful, wanton, reckless, and unlawful acts and/or omissions of the Defendant were the direct and sole proximate cause of the Plaintiff's injuries and damages which include, but are not limited to, past, present and future medical expenses, loss of wages and earning capacity, pain and suffering, mental anguish, emotional distress, loss of enjoyment of life, physical impairment and permanent disability.

WHEREFORE, having fully set forth her Complaint above, the Plaintiff prays for judgment against the Defendant for a sum of actual and punitive damages found to be fair, just, and proper; for the costs of this action; and for such other and further relief as this Court may deem just and proper.

Respectfully submitted this 4th day of February, 2025.

MORGAN, SLAUGHTER & HALTIWANGER, LLC

s/Charles T. Slaughter
Charles T. Slaughter, Fed. ID No. 10690
1156 Bowman Rd., Suite 203
Mount Pleasant, South Carolina 29464
Telephone: (803) 359-6195
Facsimile: (803) 957-4584
chuck@mshfirm.com

S. Kirkpatrick Morgan, Jr., Fed. ID No. 5035
Daniel S. Haltiwanger, Fed ID No. 7544
135 East Main Street
Post Office Box 1256 (29071)
Lexington, South Carolina 29072
Telephone: (803) 359-6195
Facsimile: (803) 957-4584
kirk@mshfirm.com
dan@mshfirm.com
*ATTORNEYS FOR THE PLAINTIFF*